UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT MCANALLEY. | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:14-cv-0338-JMS-WGH |
| | ) |
| STANLEY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Robert McAnalley for a writ of habeas corpus challenges a prison disciplinary proceeding in ISF 14-07-0229 in which he was found guilty of conspiracy to engage in an unauthorized financial transaction. For the reasons explained in this entry, Mr. McAnalley's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On July 12, 2014, Correctional Officer Maslin filed a Report of Conduct that charged Mr. McAnalley with a class B offense conspiracy to engage in an unauthorized financial transaction. The Report of Conduct states:

> On 7/12/14 at 10:15 am phone calls were monitored in tower 1 by c/o Maslin #399 that clearly indicate offender Robert McAnalley #150042 was conspiring to engage in an unauthorized financial transaction on 7/10/14 at 14:57 at 06:33 into [the] call. During the call on 7/10/14 offender Robert McAnalley #150042 instructed the person called to give another person 25.00 for a deal made.

Mr. McAnalley was notified of the class B charge when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). He was notified of his rights, pled not guilty, and indicated his desire to have a lay advocate. He noted that he did not want to call any witnesses but he requested the recording of the phone call as evidence.

The hearing officer conducted a disciplinary hearing on July 21, 2014, finding Mr. McAnalley guilty of the class B offense conspiracy to engage in an unauthorized financial transaction. The recommended sanctions imposed included a written reprimand, a 30-day phone restriction, and the deprivation of 60 days of earned credit time. The hearing officer imposed the sanctions because of the seriousness of the offense and the degree to which the violation disrupted or endangered the security of the facility.

Mr. McAnalley appealed to the Facility Head on July 29, 2014. He raised two issues relating to the date of the incident and the sufficiency of the evidence supporting the guilty finding. The Facility Head denied the appeal on August 8, 2014. Mr. McAnalley appealed to the Final Reviewing Authority, who denied his appeal on August 29, 2014. He filed his habeas petition on October 30, 2014.

### III. Analysis

Mr. McANalley's claims for habeas relief are that his due process rights were violated when: 1) the sanctions were not approved by a higher authority; 2) there was a lack of evidence; and 3) there was a discrepancy as to the date of the incident.

Mr. McAnalley did not raise on appeal the claim concerning the approval of the sanctions by a higher authority. This claim, therefore, has been waived and procedurally defaulted. *See Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992) (holding that the principles of exhaustion of available state remedies apply to prison disciplinary proceedings). Moreover, this is an issue based on Indiana Department of Correction rules and regulations, which is not subject to federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). This claim fails.

Mr. McAnalley's second and third claims relate to the sufficiency of the evidence. He first argues that the evidence does not support an unauthorized financial transaction. The hearing officer reviewed the phone call and stated that "Go with $5 you have left and dude's girl is going to meet you and give you $1 that will give you $15 have you call someone for $25 and then put the rest with it from Deano." Dkt. 8-5. Mr. McAnalley was charged with Offense 220 which is defined as "[e]ngaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction." Conspiracy is defined as "[a]ttempting to commit any Class B offense; aiding, commanding, inducing, counseling, procuring or conspiring with another person to commit any Class B offense." The conduct report states that

during the phone conversation Mr. McAnalley instructed the person to give another person $25 for a deal made.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The recorded directives by Mr. McAnalley to another person support a finding that Mr. McAnalley was engaging in an unauthorized financial transaction. There was sufficient evidence to support the hearing officer's finding of guilty.

Mr. McAnalley also argues that his due process rights were violated when the conduct report and the hearing officer's report stated that the incident occurred on July 12, 2014, but the incident described on the conduct report occurred on July 10, 2014. This alleged discrepancy is of no import. On the conduct report, it is clear that the officer had monitored phone calls on July 12 but the date of the call itself was July 10, 2014. Mr. McAnalley was given a copy of the conduct report and was able to read the body of the report in addition to the headings on the report. Mr. McAnalley has not demonstrated any prejudice from the mention of both dates on the conduct report.

Mr. McAnalley was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the decision. Under these circumstances, there were no violations of Mr. McAnalley's due process rights.

## IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. McAnalley's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: December 30, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert McAnalley, # 150042
Correctional Industrial Facility
Inmate Mail/Parcels
5124 W. Reformatory Rd.
Pendleton, IN 46064

Electronically registered counsel